# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Charles P. GREULICH
### Machinery Technician Third Class (E-4), U.S. Coast Guard

### CGCMG 0341
### Docket No. 1437

### 31 July 2017

General Court-Martial convened by Commander, Seventeenth Coast Guard District. Tried at Seattle, Washington, on 23 October 2015.

| | |
|---|---|
| Military Judge: | CAPT Gary E. Felicetti, USCG |
| Trial Counsel: | LCDR William J. George, USCG |
| Assistant Trial Counsel: | LCDR Graham E. Lanz, USCG |
| Civilian Defense Counsel: | Elizabeth W. Fleming, Esq. |
| Military Defense Counsel: | CDR Jason L. Jones, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Sharyl L. Pels, USCGR |
| | LT Tereza Z. Ohley, USCGR |

### BEFORE
### MCCLELLAND, HAMILTON & LUCE
Appellate Military Judges

MCCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice (UCMJ); and one specification of assault consummated by a battery, in violation of Article 128, UCMJ. The military judge sentenced Appellant to confinement for seventy months, reduction to E-1, and a dishonorable discharge. The Convening Authority approved the sentence, but suspended confinement in excess of four years, in accordance with the pretrial agreement.

Before this Court, Appellant asserts that he is entitled to credit on his sentence for all of his time spent in pretrial restriction. We affirm.

Appellant was placed on pretrial restriction from 26 March to 26 June 2015 (93 days), according to Appellate Exhibit XI and as reflected on the charge sheet. On 26 June he was released from pretrial restriction and was instead subjected to conditions on liberty, again according to Appellate Exhibit XI and reflected on the charge sheet. Conditions on liberty continued in force up to the trial, on 23 October 2015.

The parties submitted Joint Defense and Government Motion for Mason/Allen Confinement Credit, which is Appellate Exhibit XI. In it, the parties stated that Appellant's restriction "was not exactly tantamount to confinement," but "the conditions of his restriction were arduous enough to be worthy of significant credit." (Appellate Ex. XI at 4.) Hence, "The defense requests, and the government agrees, that every two days of pre-trial restriction equates to one day of confinement," resulting in forty-seven days of credit. (*Id.*)

This agreement was alluded to at the time of arraignment (R. at 37), and was thoroughly discussed in conjunction with the pretrial agreement's term asserting that there were "no other agreements, written or otherwise" besides the pretrial agreement.[1] (R. at 115-119; Appellate Ex. VI at 2.) Counsel explained that the convening authority had agreed to grant the forty-seven days of credit. (R. at 115-116.) In the discussion between the military judge and Appellant, Appellant waived any further credit for pretrial restriction. (R. at 118-119.)

In view of that waiver, we reject Appellant's claim for credit for the full ninety-three days of pretrial restriction.

Appellant also asserts that he should receive thirty additional days of credit for his time on "restrictions of liberty." We reject this claim, as the conditions on liberty set forth in

---

[1] The pretrial agreement is dated August 2015; Appellate Exhibit XI is dated 20 October 2015, three days before trial.

Appellate Exhibit XI are very far from being tantamount to confinement,[2] and we see no other reason why credit should be given for that time.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges HAMILTON and LUCE concur.

For the Court,



Sarah P. Valdes
Clerk of the Court

---

[2] Liberty expired each night at 2200; on non-work days, it was granted at 0800. Appellant was prohibited from travelling more than fifty miles from the base without permission of the commanding officer. He was required to submit any leave request a week in advance, and leave would be granted only by the commanding officer. He was not permitted to enter any base housing areas except to go to the clinic or chapel for authorized purposes. Concerning the base Gym/Pool/Teen Center Building, he was not authorized to use the pool or other areas of the building used by children, but was allowed to use the gym (weight room, aerobics room, racquetball courts, basketball court).